NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, | Civil Action No.: 11-6807 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| JOSE I. ZELAYA, et al., | |
| Defendants. | |

This matter comes before the Court by way of Plaintiff Wells Fargo Bank, as Trustee for the Registered Holders of LaSalle Commercial Mortgage Securities, Inc. Commercial Mortgage Pass-Through Certificates Series 2206-MF2 ("Wells Fargo" or "Plaintiff")'s Motion for Default Judgment against Defendants Jose I. Zelaya and Astrid Zelaya (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 55. [Docket Entry No. 9]. The Court has considered Plaintiff's submissions and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiff's Motion is granted.

## I. BACKGROUND

Plaintiff brings this action to foreclose on a commercial mortgage encumbering real property located at 146 71st Street in Guttenberg, New Jersey ("Property"), in connection with Defendants' default of a $373,500.00 promissory note secured by the Property. (Compl., ¶ 1). On or about November 15, 2005, Defendants executed and delivered to LaSalle Bank National Association ("LaSalle Bank" or "Lender") a promissory note ("Note") in order to secure repayment to LaSalle Bank of the principal sum of $373,500.00. (Id., ¶ 7). Pursuant to said

Note, Defendants agreed to be bind themselves to pay LaSalle Bank and its assigns $373,500.00 with interest at a rate of 7.13%, payable in installments of interest commencing on January 1, 2006 and on the first day of each successive month until December 1, 2035 (the "Maturity Date"). (Id., ¶ 8). As collateral security for the Note, Defendants executed a mortgage dated November 15, 2005 ("Mortgage") in favor of LaSalle Bank on the Property. (Id., ¶ 9). Defendants further executed a Guarantee of Payment ("Guaranty") in favor of LaSalle Bank on November 15, 2005, pursuant to which Defendants guaranteed full and prompt payment to the Lender of all amounts due subject to any limitations contained therein. (Id., ¶ 11). On September 9, 2006, LaSalle Bank assigned the Mortgage to Wells Fargo as trustee and legal holder of the first Mortgage on the Property, and the Mortgage was duly recorded in the Hudson County Acting Register of Deeds Assignment Book 1120, page 245 ("Assignment"). (Id., ¶¶ 12-13). Wells Fargo thus succeeded LaSalle Bank's rights to enforce the Mortgage, Note, Guaranty, and related loan documents. (Id., ¶ 13).

Defendants' obligations under the Mortgage and the Note are, inter alia, as follows: (1) should any payment reach the Lender more than fifteen days late, they must pay a late charge of 5% for each overdue payment; (2) if Defendants default on any payment of any installment of the principal and interest under the Note or any other loan documents executed between them and the Lender, the entire principal sum, with interest, shall become due at the option of the mortgagee; (3) the mortgagee is entitled to its costs and expenses in protecting its rights in the Property, including attorney's fees; (4) failure to make the required payments of interest and principle constitutes failure to comply with the terms and provisions of the Note and Mortgage. (Id., ¶¶ 14-15, 18-19). As of May 16, 2011, Defendants were forty-six days in arrears in making

payments pursuant to the Note, and Plaintiff alleges that said failure to timely make payment constituted a default under the Note and related loan documents. (Id., ¶ 20). Defendants were advised of their default pursuant to a letter dated March 18, 2011, and were provided an opportunity to cure by paying the sum of $352,490.21 by the close of business on May 31, 2011. (Id., ¶ 21). Defendants were further advised that, should they fail to cure by payment, their default would result in the commencement of a foreclosure action. (Id.). Defendants failed to cure their default. (Id., ¶ 22).

Plaintiff states that it is now the owner and holder of the Note and Mortgage, and the principal sum of $352,490.21 is due and owing thereon, together with interest as provided in the loan documents, accrued late charges, and any related expenses incurred to protect Plaintiff's security. (Id., ¶ 23). Plaintiff filed the instant action to foreclose on the Mortgage on November 17, 2011. [Docket Entry No. 1]. Defendant Jose I. Zelaya was personally served with a copy of the Summons and Complaint on December 9, 2011, and Defendant Astrid Zelaya was personally served with a copy of the Summons and Complaint on December 29, 2011. [Docket Entry Nos. 3, 4]. Defendants failed to timely file Answers to the Complaint or otherwise move for additional time to answer, and on February 13, 2012, Defendants filed a Request for Default from the Clerk of the Court. [Docket Entry No. 6]. On February 14, 2012, the Clerk of the Court duly entered default. On February 23, 2012, Plaintiff filed the instant Motion for Default Judgment, which Defendants have not opposed. [Docket Entry No. 9]. As of February 21, 2012, Plaintiff calculates the amount due and owing from Defendants at $385,623.50, consisting of unpaid principal balance of $348,587.94, contract interest of $11,736.76 (calculated at the contract rate of 7.13%, which equates to a daily contract interest of $69.04), default interest of $8,487.61

(calculated at a default interest rate of 3%, which equates to a daily default interest rate of $29.27 calculated from default date of May 5, 2011), non-cumulative deferred interest of $938.05, late fees of $3,027.44 (calculated at a late fee percentage of 5%, which equates to a late fee charge per month of $125.88), a prepayment premium of $3,485.88, net tax/insurance escrow advances of $8,963.09, and property protection advances of $3,064.50, all of the foregoing being reduced by $2,667.78 to reflect payments held by Wells Fargo in suspense. (Pls. Br., at 4-5; Aff. of Eugene R. Boffa, III, Esq. ("Boffa Aff."), at ¶ 3, Ex. A). Plaintiff also seek attorneys' fees from the Defendants pursuant to the Note and Mortgage in the amount of $5,000.00 and expenses in the amount of $284.14. (Id., at 5; Boffa Aff., at ¶ 4). Therefore, the total judgment sought by Plaintiff is $390,907.64. (Id.; Boffa Aff., at ¶ 5).

## II. LEGAL STANDARD

Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)(citation omitted). The consequence of the entry of default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. V. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Before imposing the sanction of default, district courts must make explicit factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the

prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment."). If the damages are not for a sum certain, or for a sum which can by computation be made certain, the "court may conduct such hearings or order such references as it deems necessary and proper." Comdyne I, 908 F.2d at 1149 (citing Fed. R. Civ. P. 55(a) and (b)).

### III. DISCUSSION

Since Defendants have not filed an answer to Plaintiff's Complaint, Defendants are "deemed to have admitted all the allegations in the complaint." Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993); see Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Accepting Plaintiff's allegations as true, the mortgage assigned to Plaintiff by LaSalle Bank is valid as executed and registered in the Hudson Coutny Acting Register of Deeds Assignment Book 1120. (Compl., ¶¶ 9-12). Further, the amount of indebtedness as stated in Plaintiff's Motion appears to comply with the loan documents submitted as exhibits with Plaintiff's Complaint as does Plaintiff's right as a mortgagee to resort to the mortgaged premises following Defendants' default. (Compl. ¶ 23; Exs. A-F). Based on the facts asserted in

5

Plaintiff's Complaint and absent Defendants' responsive pleadings, meritorious defenses such as inducement, deception or duress do not appear to be available to the Defendants. Second, the Court finds that Plaintiff will suffer prejudice if the Court does not enter default judgment as it would not be able to foreclose on the Property and recoup its losses, but would rather be subject to the expenses required for maintaining the Property. Finally, with respect to the culpability of the Parties subject to default, the facts accepted as true support the conclusion that the Defendants defaulted on the Promissory Note due to lack of payment, and that they incurred the indebtedness that is the subject of this lawsuit. Therefore, the Court concludes that, having considered all of the relevant factors, said factors favor entry of default judgment against Defendants.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is GRANTED. An appropriate Order accompanies this Opinion.

DATED: March 30, 2012

Jose L. Linares
United States District Judge